KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Suite 108
PMB# 132
Tempe, Arizona 85284-4100
(480) 755-1777
FAX (480) 471-8956
Attorney for Plaintiff
**Keith M. Knowlton - SBN 011565**
keithknowlton@msn.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIOZNA

| | |
|---|---|
| Nikea McPeak, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>State of Arizona; City of Chandler; Kristin Kidd and Spouse Kidd, husband and wife, Detective Daniel Coons (#00258) and Spouse Coons, husband and wife;,<br><br>Defendants. | Case No. 15-cv-00027-PHX-HRH<br><br>**SUR-RESPONSE TO REPLY REGARDING MOTION TO DISQUALIFY KEITH M. KNOWLTON**<br><br>(ORAL ARGUMENT REQUESTED) |

The State of Arizona and Defendant Kidd (the "State Defendants") knowingly and intentionally misrepresented to the Court that there is still the possibility of criminal prosecution of Dimitri McPeak in their Reply. Attached hereto as Exhibit "A" is the Plea Agreement and separate Judgment and Sentence entered by the Chandler Municipal Court Judge which both state "[t]he State agrees to not file any additional charges arising out of OR#12-007229 or #12-019571 against Dimitri McPeak, Nikea McPeak or the defendant." The very prosecutor that the State of Arizona cites in Exhibit "1" to the Reply as stating there is a great criminal case against Dimitri is the same prosecutor that entered into the immunity

agreement with the Chandler Municipal Court on behalf of the State of Arizona. It is inconceivable that Kidd, who was in email contact with the prosecutor, was not aware of the immunity agreement when it was executed and agreed to by the Judge. It is also inconceivable, Counsel for Kidd and the State of Arizona, knowing of the prosecution, would not have checked the public record to determine if immunity had been given before filing the Reply in this case. The State Defendants in bad faith implied to this Court that the State of Arizona had not given Dimitri immunity from prosecution.

The numbers in the above Plea and Judgment giving immunity to Dimitri represent Chandler Police Reports. No. 12-007229 represents the investigation into Dimitri's allegations of abuse against his father. Interviews of Dimitri by the Chandler Police Department took place on January 20, 2012 and February 21, 2012 (a redacted copy attached hereto as Exhibit "B"). These interviews took place long before undersigned counsel became involved.

The second report, No. 12-019571 (redacted copy attached hereto as Exhibit "C") involves the allegations of the potential criminal charges referenced by the State Defendants in Exhibit "1" to the Reply. Based on the State Defendants Exhibit "1," the investigation into Dimitri was completed by September 14, 2012 and a complaint had been prepared to be filed. As the Court reads the report and supplement to the report #12-019571, what is obvious is the complete lack of involvement by undersigned counsel. Undersigned counsel's name shows up only once in either report and that was when undersigned counsel escorted Nikea to the Chandler Police Department to turn herself in on April 24, 2012. See Exhibit "C" at Supplement page 3. All interviews of Dimitri had taken place before that date.

The State Defendants do not need the testimony from undersigned counsel to prove the alleged crime against Dimitri, if this Court allows it, and based on the

police reports and the prosecutors email at Exhibit "1," there is nothing undersigned counsel could possibly know from his involvement with Nikea, Dimitri and Erin McPeak that would raise a conflict or require his testimony or that would in any way prejudice the State Defendants ability to prove their alleged defense.

    Erin McPeak was being prosecuted without any involvement of undersigned counsel. The Chandler Police Department and the Chandler Prosecutor was prepared to prosecute Dimitri without any involvement of undersigned counsel. The State of Arizona has no need to depose undersigned counsel to assert the alleged defense of protecting Nikea from alleged criminal conduct of Erin or Dimitri. Undersigned involvement with Nikea as her civil counsel for what took place on April 24, 2012, with Dimitri to file pleadings with the Juvenile Court to have custody of Nikea transferred to him (which was asked for by Nikea) and with Erin McPeak to pay for the civil representation of Nikea by undersigned (with the knowledge and approval of the Juvenile Court) does not give undersigned any material information or knowledge that would raise any conflict in this case or that in any way would make him a material witnesses. The State Defendants have so overstated their position that they have no credibility.

    However, and most importantly, since this is a Fourth Amendment case, the subjective intent of Defendant Kidd for using the force she did in having Detective Coons handcuff Nikea and then having the Chandler Police Department transport Nikea in handcuffs is not relevant. Discovery into the subjective intent of Defendant Kidd (i.e. proving criminal liability of Dimitri and Erin and their alleged threat to Nikea) is not necessary.

    It is well established that the subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment. United States v. Perea-Rey, 680 F.3d 1179, 1182 (9th Cir. 2012).

The United States Supreme Court has stressed that Fourth Amendment analysis ordinarily involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time." Maryland v. Macon, 472 U.S. 463, 471, 105 S. Ct. 2778, 2783, 86 L.Ed.2d 370, 378 (1985) (quoting Scott v. United States, 436 U.S. 128, 137, 98 S. Ct. 1717, 1723, 56 L.Ed.2d 168, 177 (1978)). See also United States v. Villamonte-Marquez, 462 U.S. 579, 584 n. 3, 103 S. Ct. 2573, 2577 n. 3, 77 L.Ed.2d 22, 28 n. 3 (1983).

The State of Arizona wants to use the alleged subjective intent for Kidd's actions not only for the improper purpose of asserting no violation of the Fourth Amendment, but also to create a fictional conflict of interest. In this case, the subjective intent of Kidd for her actions is not relevant. The Court applies the objective reasonable person standard instead based on the facts and circumstances that existed at the Chandler Police Department on April 24, 2012.

Undersigned Counsel did not represent Dimitri in any criminal matter and the State of Arizona has not shown that undersigned counsel has any first hand or second hand knowledge of the criminal matters including investigations regarding Dimitri that is not protected by the attorney client privilege. They only have wild speculation. The State of Arizona has shown no bounds to their willingness to misrepresent facts to this Court to justify the position they have taken. There is no information undersigned counsel can testify to that would have any relevance to the State of Arizona's substantive defense. However, undersigned counsel will never have to testify because the substantive defense has no relevance to this Fourth Amendment Case.

WHEREFORE, for the reasons set forth above, Plaintiff requests the Motion to Disqualify Counsel be denied.

RESPECTFULLY SUBMITTED this 5th day of May, 2015.

KEITH M. KNOWLTON, L.L.C.

By: /s/ Keith Knowlton
Keith M. Knowlton, SBN 011565
Attorney for Plaintiff

Original filed with the Court by ECF and a copy served by ECF this 5th day of May, 2015 on:

Thomas A. Lloyd
Chandler City Attorney's Office
PO Box 4008,MS602
Chandler, Arizona 85244
Thomas.Lloyd@chandleraz.gov

Diana Day
Michael G. Gaughan
Assistant Attorneys General
1275 West Washington Street
Phoenix, Arizona 85007
Diana.day@azag.gov
Michael.gaughan@azag.gov

/s/ Keith Knowlton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26