Exhibit "A"

IN THE CHANDLER MUNICIPAL COURT
COUNTY OF MARICOPA, STATE OF ARIZONA

STATE OF ARIZONA

Plaintiff,

vs.

ERIN LEA MCPEAK

Defendant

PLEA AGREEMENT
12-C-3682541
12-C-3682542
12-C-3682543

The State of Arizona and the defendant hereby agree to the following disposition of this case:
THE DEFENDANT AGREES TO PLEAD:
1. Guilty to 12-C-3682542 13-2810A2 INTERFERE WITH JUDICIAL PROCEEDINGS, a class 1 Misdemeanor.

13-2810A2: The maximum penalty is 6 months in jail, a $2,500 fine plus surcharges and 3 years probation. There is no mandatory minimum penalty.

On the following understandings, terms and conditions:

1. That the defendant will receive the following sentence:

   1) 30 days jail of which 30 days are suspended upon successfully complying with all written terms of probation; Successfully complete Screening at Chandler City Court Probation Monitor; 1 year monitored probation

2. Terms of Probation:

   1. Have no contact whatsoever with Bernard McPeak except as required for court hearings. Abide by all directives and requirements of the Department of Economic Security. Attend and successfully comply with any mental health conditions imposed as a condition of probation.

   2. Complete Screening at Chandler City Court Probation Monitor;

   3. At all times be a law-abiding citizen.

   4. Not leave the State of Arizona nor change place of residence without prior written notification to the court.

   5. Participate and cooperate fully in any program of treatment and counseling, whether vocation, medical, psychological, financial or any drug or alcohol program as directed by the probation officer.

   6. Pay to the Chandler City Court all fines, surcharges, restitution, and other fees and assessments as ordered.

   7. Not drink intoxicating liquor at any time. Not drink and drive or drive without a valid driver's license.

   8. Not possess or control any deadly weapon or firearm. Not be present in any motor vehicle containing a deadly weapon or firearm.

   9. Appear in the court for review as directed.

   10. Not associate with convicted felons or with members of identifiable or organized street gangs.

   11. Do not possess, ingest or inject any drug without a prescription.

   12. Do not possess any drug paraphernalia without a prescription.

   13. Submit to drug or alcohol testing as directed by the Probation Monitor.

   14. Report to Probation Monitors within 72 hours of police contact.

   15. Submit to search and seizure of person or property by any Probation Monitor, without a search warrant. Provide the Probation Monitor with truthful answers to inquiries and all documentation as directed.

   16. Report to the Court Probation Monitor, in person as directed by the Court. The defendant shall pay a $75.00 screening fee and monitoring fee of $60.00 per month as ordered.

3. That the parties stipulate to the following additional terms:

The State agrees to not file any additional charges arising out of OR#12-007229 or #12-019571 against Dimitri McPeak, Nikea McPeak or the defendant.

The State takes notice that defendant is not taking any psychotropic medications.

The parties agree to not make disparaging statements about each other concerning the underlying incident(s).

4. That the following charges are dismissed, or if not yet filed, shall not be brought against the defendant: 12-C-3682541 13-2907.02 12-C-3682543 13-3613

5. That if this Plea Agreement is rejected, withdrawn or reversed on appeal, the original charges will be automatically reinstated.

6. That the defendant hereby gives up any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter, to the Court's entry of judgment against him and imposition of sentence upon him consistent with this agreement, unless this Plea Agreement is rejected or withdrawn.

7. That if after accepting this agreement the Court concludes that any of the provisions regarding the sentence are inappropriate, the Court can reject the plea, giving the defendant an opportunity to withdraw the plea.

I have read (or have had read to me) the above. I understand the matters contained in this document. I have discussed the case and my constitutional rights with my lawyer (if any). **I understand that by pleading guilty/no contest, I WILL BE GIVING UP THE FOLLOWING CONSTITUTIONAL RIGHTS: to plea not guilty; to have a trial (whether it be a trial by a jury or a trial to the court); to confront and cross-examine witnesses against me; to compel the attendance of witnesses on my own behalf; and to remain silent (my right against self incrimination).** I further understand that I have a right to be represented by a lawyer prior to and during this proceeding; that if I cannot afford to hire a lawyer, I can ask the judge to determine if I am eligible for one. That by pleading guilty or no contest, I waive my right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a rule 32 post-conviction relief petition and, if denied, a petition for review. I agree to enter my plea as indicated above on the terms and conditions set forth in this document. I further understand, that if I am not a citizen of the United States, a plea of guilty or no contest may have immigration consequences. I further understand that if, as a part of this plea agreement, I am placed on probation by the Court, the terms and conditions of probation are subject to being modified at any time during my period of probation, my probation may be revoked, and I may be sentenced up to the maximum sentence set forth in paragraph (1) one, above.

_7/25/13_  
Date

_[signature]_  
Defendant

_____  
Date

_____  
Interpreter

I have discussed this case with my client in detail and have advised him/her of his/her constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

_7/25/13_  
Date

_[signature]_  
Defense Attorney

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice. I further avow that, if this case involves a victim(s), the state has made reasonable efforts to notify the victim(s) of his/her/their rights and given him/her/them an opportunity to exercise said rights, including

reasonable opportunity to confer with the prosecutor before entering this plea agreement.

_7/25/13_  /s/ John J. Belatti
Date  Prosecutor

I have ascertained that the Defendant has read and understands this agreement, the legal rights he/she is giving up, and the nature and consequences of this plea. I further find that if this case involves a victim(s), the state has made reasonable efforts to notify the victim(s) of the victim's rights and given the victim(s) and opportunity to exercise said rights, including reasonable opportunity to confer with the prosecutor before accepting this plea agreement.

Accepted this __25__ day of __July__, 20_13_.   /s/ Michael Jayme
Judge

END of DOCUMENT (Plea Agreement)

IN THE CHANDLER MUNICIPAL COURT
COUNTY OF MARICOPA, STATE OF ARIZONA
Mail Drop 302, PO Box 4008, Chandler, Arizona 85244-4008

STATE OF ARIZONA
                              Plaintiff,

vs.

ERIN LEA MCPEAK
DOB: 03/13/65

                              Defendant

**JUDGMENT AND SENTENCE**
12-C-3682542

**IT IS THE JUDGMENT OF THE COURT, that the defendant is:**
1. Guilty on 12-C-3682542 13-2810A2 INTERFERE WITH JUDICIAL PROCEEDINGS

Reasonable efforts were made to give the victim, if any, notice of a plea/sentencing proceeding, to inform the victim of the right to be present and heard. Any statements submitted by a victim have been reviewed by the court prior to accepting a plea and imposing sentence. The prosecutor has informed the court of the victim's position, if known, regarding the plea.

**ORDER FOR SCREENING, SUBSTANCE ABUSE EDUCATION, COUNSELING OR TREATMENT**

| Case Number | Violation |
|---|---|
| 12-C-3682542 | 13-2810A2 |

For good cause appearing IT IS ORDERED that the defendant shall report to
CHANDLER CITY COURT PROBATION MONITOR, 200 EAST CHICAGO STREET, CHANDLER, AZ 85225 (480) 782-4715 to enroll in and complete screening and complete education, counseling or treatment as directed. The Defendant shall pay the screening fee to the service provider. Any fees for subsequent education counseling or treatment shall be paid for by the Defendant.

**JUDGMENT AND ORDER SUSPENDING SENTENCE AND IMPOSING TERMS OF PROBATION**

| Case Number | Violation | Term |
|---|---|---|
| 12-C-3682542 | 13-2810A2 | 1 year monitored probation. |

**IT IS ORDERED** suspending the imposition of sentence and placing Defendant on probation upon the terms and conditions below:

**Therefore, as standard terms, the DEFENDANT SHALL:**
1. At all times be a law-abiding citizen.
2. Not leave the State of Arizona nor change place of residence without prior written notification to the court.
3. Participate and cooperate fully in any program of treatment and counseling, whether vocation, medical, psychological, financial or any drug or alcohol program as directed by the probation officer.
4. Pay to the Chandler City Court all fines, surcharges, restitution, and other fees and assessments as ordered.
5. Not drink intoxicating liquor at any time. Not drink and drive or drive without a valid driver's license.
6. Not possess or control any deadly weapon or firearm. Not be present in any motor vehicle containing a deadly weapon or firearm.
7. Appear in the court for review as directed.
8. Not associate with convicted felons or with members of identifiable or organized street gangs.
9. Do not possess, ingest or inject any drug without a prescription.
10. Do not possess any drug paraphernalia without a prescription.
11. Submit to drug or alcohol testing as directed by the Probation Monitor.
12. Report to Probation Monitors within 72 hours of police contact.
13. Submit to search and seizure of person or property by any Probation Monitor, without a search warrant. Provide the Probation Monitor with truthful answers to inquiries and all documentation as directed.

14. Report to the Court Probation Monitor, in person, on 07/25/13 at 11:45 AM and report thereafter as directed by the Probation Monitor. The defendant shall pay a $75.00 screening fee and monitoring fee of $60.00 per month as ordered. The monthly fee for monitored probation shall cease if/when the probation is modified from monitored to unsupervised status.

**FURTHER ORDERED:**
Have no contact whatsoever with Bernard McPeak except as required for court hearings. Abide by all directives and requirements of the Department of Economic Security. Attend and successfully comply with any mental health conditions imposed as a condition of probation.

## INCARCERATION

12-C-3682542 - Serve 30 days, suspend 30 days upon successfully complying with all written terms of probation, credit for 0 days served.

**IT IS FURTHER ORDERED:**
Defendant shall comply with any order for screening education or treatment.
The Defendant shall serve a jail term detailed in the Commitment Order of the Court.
The State agrees to not file any additional charges arising out of OR#12-007229 or #12-019571 against Dimitri McPeak, Nikea McPeak or the defendant.
The State takes notice that defendant is not taking any psychotropic medications.
The parties agree to not make disparaging statements about each other concerning the underlying incident(s).

July 25, 2013
Date

R. Michael Traynor

Receipt and acknowledgment: I acknowledge receipt of a copy of the foregoing terms and regulations of probation. I understand that if I violate any term or condition, the court may revoke and terminate my probation and impose on me a maximum sentence in accordance with the law.

I promise to appear as ordered by the Court and pay any amounts due, and understand that if I fail to appear as directed, a warrant will be issued for my arrest.

By entering a plea of guilty/no contest, I waived my right to a direct appeal but I have the right to request post conviction relief. In order to exercise this right, I must file a Notice of Post Conviction Relief within 90 days of the entry of judgment and sentence or I waive these rights.

DEFENDANT
480 853-0580
TELEPHONE

6005 Wilson Rd
ADDRESS Apt#
Chandler AZ 85249
CITY/STATE/ZIP

END OF DOCUMENT (Judgment and Sentence)