WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| NIKEA McPEAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF ARIZONA; CITY OF CHANDLER, | ) | |
| et al., | ) | |
| | ) | No. 2:15-cv-0027-HRH |
| Defendants. | ) | |
| | ) | |

<u>O R D E R</u>

<u>Motions to Dismiss</u>

Defendants move to dismiss plaintiff's second amended complaint.[1]  These motions are opposed.[2]  Oral argument was requested and has been heard.

<u>Background</u>

Plaintiff is Nikea McPeak.  Defendants are the State of Arizona, the City of Chandler, Kristin Kidd, and Detective Daniel Coons.

In 2012, plaintiff, who was then 16 years old, was in the custody of the State of Arizona.  Plaintiff "had a Juvenile Court appointed attorney, Lisa Timmes and a Juvenile

---

[1]Docket Nos. 26 & 27.

[2]Docket Nos. 41 & 44.

Court appointed guardian ad litem, David Braun."[3]   Plaintiff's CPS case worker was defendant Kidd.[4]

Sometime prior to April 24, 2012, plaintiff ran "away from CPS [Child Protective Services] care and custody."[5]

"[T]he Chandler Police Department was investigating allegations that [plaintiff] ha[d] been sexually abused by her father" as well as investigating whether plaintiff's mother had had "improper contact" with plaintiff "while she was in CPS care and custody...."[6] On April 24, 2012, plaintiff went to the Chandler Police Department "to voluntarily turn herself in to CPS care and custody"[7] and to be "interviewed by the Chandler Police Department ... regarding her allegations of sexual abuse by her father...."[8]  Plaintiff had arrived at the Chandler Police Department with an attorney who was not her court-appointed attorney and wanted that attorney to be present for the interview.[9]  Defendant Coons contacted Kidd to

---

[3]Second Amended Complaint at 3,  ¶ 19, Docket No. 11.

[4]Id. at ¶ 20.

[5]Id. at ¶ 18.

[6]Id. at ¶ 21.

[7]Id. at ¶ 18.

[8]Id. at ¶ 22.

[9]Id. at 3-4, ¶ 22.

advise her that plaintiff "was voluntarily at the police station."[10]  Because plaintiff refused to

be interviewed without counsel present, Detective Kee attempted to contact Timmes but was

unable to reach her "so Detective Kee did not conduct the forensic interview of [plaintiff] at

that time."[11]  Kee then "turned custody of [plaintiff] over to ... Kidd who had appeared at the

police department to transport [plaintiff] to a foster home."[12]  Plaintiff alleges that "[u]p to

this point, [she] followed all instructions given to her by law enforcement and was compliant

to all instructions given."[13]

     "Kidd asked Detective Coons and another unknown police officer to search [plaintiff]

which they did."[14]  "They directed her to sit on the floor as they went through her

possessions.  She had a bag full of clothing that she had taken with her when she left her

group home."[15]  "While sitting on the floor she had in her hands her iPod Touch."[16]  Plaintiff

alleges that at the time of this search, she "was not under arrest and was no longer in the

_____

[10]Id. at 4, ¶ 23.

[11]Id. at ¶ 28.

[12]Id. at ¶ 29.

[13]Id. at 5, ¶ 30.

[14]Id. at ¶ 32.

[15]Id.

[16]Id. at ¶ 33.

custody and control of the Chandler Police Department.  Her custody had been turned over to Kidd...."[17]

"Kidd ... ordered [plaintiff] to give her the iPod.  [Plaintiff] refused stating she did not want the case worker to take it from her."[18]  "Detective Coons and an unknown police officer grabbed [plaintiff's] arms as she sat on the floor and Kidd took the iPod from her."[19]  Plaintiff alleges that she "was grabbed by the arms, the iPod taken, and then she was handcuffed by Detective Coons and the unknown police officer as she sat on the floor."[20]  Plaintiff alleges that "she was not given any other options by those involved" and that she "was not passively resisting attempts to communicate with her...."[21]

"Kidd then asked the officers to leave [plaintiff] in handcuffs, with her hand[s] behind her back and [she was] placed into the back seat of a police car[] for transport to her group home."[22]  "Kidd told Detective Coons and the unknown police officer that she did not feel

---

[17]Id. at ¶ 34.

[18]Id. at ¶ 35.

[19]Id. at 6, ¶ 38.

[20]Id. at ¶ 39.

[21]Id. at 5, ¶ 37.

[22]Id. at 6, ¶ 40.

comfortable being alone with" plaintiff.[23]  Plaintiff's "handcuffs were not removed until she was inside the foster home.  [She] was handcuffed for over an hour."[24]

"Kidd took [plaintiff's] clothing bag and pulled out one pair of underwear, short[s], and a shirt and gave them to [plaintiff]."[25]  Plaintiff "had no other clothing than what she had on her back."[26]  Kidd returned plaintiff's clothing bag about one month later but did not return plaintiff's iPod until plaintiff turned eighteen.[27]

On July 10, 2014, plaintiff commenced this action in state court.  On January 7, 2015, this action was removed to this court.  Plaintiff's second amended complaint contains six counts.  In Count One, plaintiff asserts gross negligence, negligence, and breach of fiduciary duties claims against Kidd and the State.  In Count Two, plaintiff asserts a negligent hiring, retention, and supervision claim against the State.  In Count Three, plaintiff asserts a negligence claim against the City and Coons.  In Count Four, plaintiff asserts a false imprisonment claim against Kidd and Coons.  In Count Five, plaintiff asserts an assault and battery claim against Kidd and Coons and a negligent training claim against the City.  In

---

[23]Id.

[24]Id. at ¶ 43.

[25]Id. at ¶ 46.

[26]Id. at 6-7, ¶ 46.

[27]Id. at 7, ¶¶ 46 & 48.

Count Six, plaintiff asserts § 1983 substantive due process, false imprisonment, and excessive force claims against Kidd and Coons.

Pursuant to Rules 8(a) and 12(b)(6), Federal Rules of Civil Procedure, defendants now move to dismiss plaintiff's claims.

Discussion

"Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that each claim in a pleading be supported by 'a short and plain statement of the claim showing that the pleader is entitled to relief....'" Landers v. Quality Communications, Inc., 771 F.3d 638, 640 (9th Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998 (9th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)).  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 999 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678).  "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." Id.  "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 678).

-6-

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Id.

Rule 8 Argument

The State and Kidd argue that plaintiff's second amended complaint should be dismissed in its entirety because it does not comply with Rule 8(a)(2). They argue that plaintiff has not set forth a short, plain statement as to each of her claims. For example, they point out that in Count One, plaintiff appears to be asserting three separate claims: 1) a breach of fiduciary duty claim, 2) a gross negligence claim, and 3) a negligence claim. The State and Kidd also argue that plaintiff has failed to delineate which defendant has engaged in what conduct, instead lumping the defendants together as a group. And, they point out that the second amended complaint contains empty paragraphs (¶¶ 58, 65, 67 & 70), in which nothing is alleged.

Although plaintiff's second amended complaint is not a model of clarity, it does not violate Rule 8(a)(2). Plaintiff has set forth her causes of action and has alleged some factual support for her claims. It is also possible to tell what conduct she alleges each defendant engaged in.

Count One

In Count One, plaintiff asserts negligence and gross negligence claims against Kidd and the State. "To establish a claim for negligence, a plaintiff must prove four elements: (1)

a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." Gipson v. Kasey, 150 P.3d 228, 230 (Ariz. 2007). "In order to state a claim for gross negligence, [p]laintiff must allege that [d]efendants acted with reckless indifference to [p]laintiff's safety." Morgan v. Ariz., Case No. CV 06–346-TUC–FRZ (JCG), 2007 WL 2808477, at *9 (D. Ariz. Sept. 27, 2007). "A person is recklessly indifferent if he or she knows, or a reasonable person in his or her position ought to know: (1) that his action or inaction creates an unreasonable risk of harm; and (2) the risk is so great that it is highly probable that harm will result." Id.

Kidd argues that in order to state plausible negligence and gross negligence claims the harm that the plaintiff suffered must be some kind of physical harm. Plaintiff alleges that she suffered "damages [and] endured mental and emotional distress" as a result of Kidd's and the State's alleged negligence.[28] But, she has not alleged that she suffered any physical injury.

"In a case of simple negligence ... a plaintiff need not prove a physical injury occurred, but only that she suffered actual damages as a result of the defendant's negligent conduct." Rand v. City of Glendale, Case No. 1 CA-CV 07-0722, 2008 WL 5383363, at *8 (Ariz. Ct. App. Dec. 26, 2008). Therefore, plaintiff's negligence claim survives Kidd's motion to dismiss. If plaintiff's negligence claim survives as to Kidd, which it does, it survives as to the State as

---

[28]Second Amended Complaint at 9, ¶ 66, Docket No. 11.

well because Kidd was acting within the scope of her employment.  See Engler v. Gulf Interstate Engineering, Inc., 280 P.3d 599, 601 (Ariz. 2012) (internal citations omitted) ("The doctrine of respondeat superior generally holds an employer vicariously liable for the negligent work-related actions of its employees.  But an employer is vicariously liable for such acts only if the employee is acting within the scope of employment when the accident occurs.").

As for plaintiff's gross negligence claim, "[t]o be grossly negligent, the actor's conduct must create an unreasonable risk of physical harm to another, and such risk must be substantially greater than the risk involved in ordinary negligence." Rourk v. State, 821 P.2d 273, 280 (Ariz. Ct. App. 1991) (emphasis added).  Plaintiff has not alleged any physical injury.  Moreover, plaintiff made no argument that this claim should survive the State and Kidd's motion to dismiss so it appears that she has abandoned this claim.  See Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. Calif., 547 F.3d 962, 968 n.3 (9th Cir. 2008) (deeming claim abandoned because the plaintiff did not advance any argument in support of claim).  Plaintiff's gross negligence claim against Kidd and the State is dismissed.

In Count I, plaintiff has also alleged a breach of fiduciary duty claim against Kidd.  A fiduciary duty may be created by statute or implied by law.  Plaintiff argues that Kidd had a statutory duty to monitor plaintiff in foster care, that this duty included protecting plaintiff's legal rights, see A.R.S. § 8-529, and that Kidd failed to exercise professional judgment in the monitoring of plaintiff in foster care.  However, Section 8-529(C) expressly

states that "[t]his section does not establish any legally enforceable right or cause of action on behalf of any person."  Section 8-529(C) cannot be the basis for plaintiff's contention that Kidd, as a social worker, owed a fiduciary duty to plaintiff.

As for whether a fiduciary duty could be implied by law here, "[a] fiduciary relationship has been described as something approximating business agency, professional relationship, or family tie impelling or inducing the trusting party to relax the care and vigilance he would ordinarily exercise."  Cook v. Orkin Exterminating Co., 258 P.3d 149, 152 (Ariz. Ct. App. 2011) (citation omitted).  "[T]he relation of the parties must be such that one is bound to act for the benefit of the other and may be characterized by great intimacy, disclosure of secrets, [or] intrusting of power."  Id. (internal citations omitted).  Plaintiff has not alleged facts that suggest that she and Kidd had the type of relationship that could be considered a fiduciary relationship.  Plaintiff's and Kidd's relationship was not characterized by great intimacy, disclosure of secrets, or the entrusting of power.  Rather, the facts suggest that plaintiff distrusted Kidd.

Because Kidd did not owe a fiduciary duty to plaintiff, plaintiff's breach of fiduciary duty claim against her is dismissed.

Count Two

In Count Two, plaintiff asserts a negligent hiring, retention, and supervision claim against the State.  The State argues that plaintiff failed to comply with the Notice of Claim statute as to this claim.  "Arizona's notice of claim statute requires a person with a claim

-10-

against a public entity to file the claim with the person authorized to accept service for the

entity within 180 days after the cause of action accrues." <u>Slaughter v. Maricopa County</u>, 258

P.3d 141, 143 (Ariz. Ct. App. 2011).   The notice of claim must "contain facts sufficient to

permit the public entity ... to understand the basis upon which liability is claimed." A.R.S. §

12–821.01(A).  "That is, it must contain enough information to allow the entity to investigate

the merits of the claim and assess its potential for liability."  <u>Barth v. Cochise County, Ariz.</u>,

138 P.3d 1186, 1189 (Ariz. Ct. App. 2006).  "If a party fails to comply with all the requirements

of the statute, the party's claim is barred."  <u>Id.</u>

In her Notice of Claim, plaintiff described the events of April 24 and advised the State

and Kidd that she was "asserting claims, including but not limited to breach of fiduciary

duties, negligence, intentional (or negligent) infliction of emotional distress and harassment"

and "civil rights claims under 42 U.S.C. § 1983."[29]  Although plaintiff was not required to

expressly state that she was asserting a negligent hiring, retention, and supervision claim in

her Notice of Claim, she was required to include sufficient facts from which the State could

understand and evaluate the basis of its liability for such a claim.  Plaintiff's Notice of Claim

---

[29]Notice of Claim Letter at 2, Exhibit 1, State Defendants' Motion to Dismiss, Docket No. 27.  The court may consider this exhibit without converting the instant motion to dismiss into a motion for summary judgment as plaintiff makes reference to her Notice of Claim in her complaint.  <u>See</u> <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

failed to include facts that alleged or implied that the State had been negligent in hiring,

retaining, and supervising Kidd.  Because plaintiff did not put the State on notice as to a

negligent hiring, retention, or supervision claim, plaintiff's claim in Count Two is dismissed

for failure to comply with the Notice of Claim statute.

Count Three

In Count Three, plaintiff asserts a negligence claim alleging that Coons was negligent

in using excessive force to take her iPod and in handcuffing her to transport her to the foster

home.  Coons argues that he has immunity from this state law claim.  Coons argues that he

had a legal duty to assist Kidd under A.R.S. § 8-236(A), which provides:

> Every public official and department shall render all assistance
> and cooperation within the official's or department's jurisdic-
> tional power which may further the objects of this chapter.[30] An
> institution or agency to which the juvenile court awards a
> juvenile shall give the court, an officer appointed by the court or
> the county attorney any information concerning the juvenile as
> the court, the officer or the county attorney may require.

Police officers are also authorized to take children into temporary custody "if there are

reasonable grounds to believe that the child has run away from the child's parents, guardian

or other custodian."  A.R.S. § 8-303(c)(2).  Coons then argues that because he was performing

a lawful duty when he took plaintiff's iPod and handcuffed her, he is immune from civil

liability based on A.R.S. §§ 13-402 and 13-413.  Section 13-402 provides that "conduct which

---

[30]Chapter 2 of Title 8 of the Arizona Revised Statutes deals with juvenile courts.

would otherwise constitute an offense is justifiable when it is required or authorized by law"

and that

> [t]he justification afforded by subsection A also applies if:
>
> 1. A reasonable person would believe such conduct is required or authorized by the judgment or direction of a competent court or tribunal or in the lawful execution of legal process, notwithstanding lack of jurisdiction of the court or defect in the legal process[.]

Section 13-413 provides that "[n]o person in this state shall be subject to civil liability for engaging in conduct otherwise justified pursuant to the provisions of this chapter."

Either A.R.S. § 13-402 or § 13-413 may give Coons immunity for any state law claims based on his alleged use of force if that force is determined to be reasonable.  But, the court cannot determine on a motion to dismiss whether the force Coons used was or was not reasonable.

Coons also argues that he is immune from any civil liability in connection with his interaction with plaintiff based on A.R.S. § 8-805, which provides that

> [a]ny person making a complaint, or providing information or otherwise participating in the program authorized by this article shall be immune from any civil or criminal liability by reason of such action, unless such person acted with malice or unless such person has been charged with or is suspected of abusing, abandoning or neglecting the child or children in question.

Coons argues that he was "participating" in a dependent child program by assisting Kidd and by taking plaintiff into custody pursuant to his authority under A.R.S. § 8-303(c)(2).  But, as plaintiff points out, Section 8-805 only applies to individuals participating in matters

-13-

authorized by Article 8, which deals with dependency actions before the Juvenile Court. This case had nothing to do with a dependency action.

Finally, Coons argues that he is protected from liability for plaintiff's state-law negligence claim by A.R.S. § 13-403, which provides in pertinent part:

> The use of physical force upon another person which would otherwise constitute an offense is justifiable and not criminal under any of the following circumstances:
>
> 1. A parent or guardian and a teacher or other person entrusted with the care and supervision of a minor or incompetent person may use reasonable and appropriate physical force upon the minor or incompetent person when and to the extent reasonably necessary and appropriate to maintain discipline.

Section 13-403 might provide Coons immunity if his actions were reasonable, but plaintiff has alleged that they were not reasonable. And again, the court cannot decide whether Coons' actions were reasonable on a motion to dismiss.

Coons and the City's motion to dismiss is denied as to Count Three. Coons may have immunity but the court cannot decide whether or not he does on a motion to dismiss.

<u>Count Four</u>

In Count Four, plaintiff asserts a false imprisonment claim against Kidd and Coons. A false imprisonment claim "is defined as the detention of a person without his consent and without lawful authority." <u>Slade v. City of Phoenix</u>, 541 P.2d 550, 552 (Ariz. 1975). "The essential element necessary to constitute either false arrest or false imprisonment is unlawful detention. A detention which occurs pursuant to legal authority, such as a valid warrant, is

not an unlawful detention." Id. "False imprisonment requires proof that: (1) the defendant acted with intent to confine another person within boundaries fixed by the defendant; (2) the defendant's act resulted in such confinement, either directly or indirectly; and (3) the other person was conscious of the confinement or was harmed by it." Hart v. Seven Resorts Inc., 947 P.2d 846, 855 (Ariz. Ct. App. 1997).

Plaintiff's false imprisonment claim in Count Four is not plausible.  Plaintiff was a runaway from state custody and was therefore subject to detention.  A.R.S. § 8-303(c)(2). Kidd and Coons may have used excessive force or acted negligently in detaining plaintiff, but her detention was lawful.  Thus, plaintiff's false imprisonment claim in Count Four is dismissed.

Count Five

In Count Five, plaintiff asserts a negligent training claim against the City.  Plaintiff alleges that if Coons had been properly trained, he would not have used force to take the iPod from her and would not have handcuffed her for transport.[31] The City argues that these allegations conflict with those in Count Two, in which plaintiff only alleges that the State was negligent in its hiring, retention, and supervision of Kidd.  But, while it might have been preferable for plaintiff to assert both of her negligent hiring and supervision claims in Count Two, the fact that she did not does not mean that her allegations in Count Two and Count

_____

[31]Second Amended Complaint at 15, ¶ 124, Docket No. 11.

Five conflict.  In Count Two, plaintiff alleges that the State was negligent in hiring, retaining, and supervising Kidd.  In Count Five, she alleges that the City was negligent in training Coons.

The City next argues that plaintiff's negligent training claim against it should be dismissed because plaintiff's allegations are conclusory and without factual support. Plaintiff, however, argues that her allegations are sufficient to state a plausible negligent training claim because they suggest that if Coons had been properly trained he would not have violated her Fourth and Fourteenth Amendment rights.  She argues that even assuming that Coons had an obligation to assist Kidd in her duties to transport plaintiff back to foster care, he could not carry out that obligation by violating plaintiff's Constitutional rights or by violating the police department's policy.   Plaintiff argues that Coons violated the City of Chandler's Use of Force General Order, which requires a verbal warning prior to any use of force.[32]  Plaintiff argues that Coons' violation of this policy raises a strong inference that his training was negligent.

---

[32]Exhibit B at 2, Response to City of Chandler and Defendant Coons Motion to Dismiss, Docket No. 41.  The court may consider this document without converting the instant motion to dismiss into a motion for summary judgment because it is a public document available on the police department's website.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (stating that a district court may consider matters of public record without converting Rule 12(b)(6) motion into motion for summary judgment).

Plaintiff's allegations as to this claim are conclusory and insufficient to state a plausible claim. The City's Use of Force General Order may be relevant to plaintiff's other claims but this order says nothing about the adequacy of Coons' training.

Plaintiff's Count Five also contains assault and battery claims against Kidd and Coons. Under Arizona law, "[t]o establish a battery claim, a plaintiff must prove that the defendant intentionally caused a harmful or offensive contact with the plaintiff to occur." Johnson v. Pankratz, 2 P.3d 1266, 1268 (Ariz. Ct. App. 2000). "Similarly, a claim for common-law assault requires an allegation that the defendant acted intentionally to cause a harmful or offensive contact and another person is placed in imminent apprehension of the contact." Gallegos v. Flores, Case No. 1 CA–CV 10–0178, 2012 WL 208858, at *3 (Ariz. Ct. App. Jan. 24, 2012). "The two claims are the same except that assault does not require the offensive touching or contact." Id.

Although in her second amended complaint plaintiff alleges that she was put in fear of a harmful or offensive contact, in her response to the instant motions to dismiss, plaintiff's argument focuses on whether the conduct at issue here constituted a harmful and offensive touching. Plaintiff alleges two separate harmful and offensive touchings in her second amended complaint: 1) the initial act of putting her in handcuffs and 2) being placed in the back of a police car while still handcuffed. Plaintiff's simple assault claim has been abandoned.

Coons argues that he is entitled to immunity on this state law claim for the same reason he is entitled to immunity on plaintiff's other state law claims.  But, as discussed above, the court cannot determine whether Coons' use of force was reasonable or not on a motion to dismiss.

Kidd argues that plaintiff has failed to state a plausible battery claim against her because plaintiff's second amended complaint contains no allegations that Kidd ever made any physical contact with plaintiff.  Kidd acknowledges that plaintiff has alleged that Kidd and Coons "acted in conformity with each other and as a joint venture" as regards the assault and battery.[33]  But, Kidd contends that this allegation cannot save plaintiff's battery claim.  "In Arizona, there is no civil action for conspiracy.  However, there is an action for damages caused by acts committed pursuant to a conspiracy."  Estate of Hernandez by Hernandez-Wheeler v. Flavio, 930 P.2d 1309, 1313 (Ariz. 1997).  "'For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he ... does a tortious act in concert with the other or pursuant to a common design with him.'"  Id. (quoting Restatement (Second) of Torts § 876(a)).  Under Arizona law, "acting in concert" means:

> entering into a conscious agreement to pursue a common plan or design to commit an intentional tort and actively taking part in that intentional tort.  Acting in concert does not apply to any person whose conduct was negligent in any of its degrees rather

_____

[33]Second Amended Complaint at 14, ¶ 113, Docket No. 11.

> than intentional.  A person's conduct that provides substantial
> assistance to one committing an intentional tort does not
> constitute acting in concert if the person has not consciously
> agreed with the other to commit the intentional tort.

A.R.S. § 12–2506(F)(1).   Kidd argues that plaintiff's allegations do not suggest that Kidd

entered into a conscious agreement with Coons or the other police officer to commit a battery.

Kidd also argues that plaintiff's allegation about a "joint venture" cannot save

plaintiff's battery claim.  "Traditionally, a joint venture involved commercial or business

pursuits." Hernandez, 930 P.2d at 1312.  "However, the joint venture theory is not limited

to business joint ventures; it applies equally to social circumstances." Id.  "Arizona courts

have explicitly found that a joint venture or enterprise involving a social venture must

contain an equal right of control by all parties." Id.  "Each party to the joint venture must

have an 'equal right to direct and govern the movements and conduct of each other with

respect thereto. Each must have some voice and right to be heard in its control or manage-

ment.'" Id. (quoting Maloy v. Taylor, 346 P.2d 1086, 1088 (Ariz. 1959)).

Plaintiff's joint venture allegations are implausible.  But it is plausible that Kidd and

Coons acted in concerted in the handcuffing and transporting of plaintiff.  Thus, plaintiff's

battery claims in Count Five survive the motions to dismiss.

<u>Count Six</u>

Count Six contains three § 1983 claims against Kidd and Coons:  1) an excessive force

claim, 2) a false imprisonment claim, and 3) a substantive due process claim. Coons first

argues that these claims against him must be dismissed because plaintiff failed to comply with Rule 8.  This argument is based on plaintiff's allegations in paragraph 131 of her second amended complaint, in which she makes some general allegations as to her § 1983 claims.  Coons refers to these allegations as a "litany" of claims and contends that it makes it difficult to determine who is being sued and on what theory.

However, in the paragraphs following paragraph 131, plaintiff alleges the required short and plain statement for each of her three § 1983 claims.  "'To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes.'" Williams v. Calif., 764 F.3d 1002, 1009 (9th Cir. 2014) (quoting Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986)).  Plaintiff has alleged that Coons acted under color of state law and that he deprived plaintiff of her rights under the Fourth and Fourteenth Amendments.

Coons next argues that plaintiff's § 1983 substantive due process claim against him should be dismissed.  Plaintiff's § 1983 substantive due process claim is based on allegations that Coons and Kidd used excessive force to take plaintiff's iPod; that Coons handcuffed plaintiff and kept her handcuffed while transporting her to the foster home, at the direction of Kidd; and that Kidd refused to return plaintiff's property.[34]  Plaintiff alleges that this

---

[34]Second Amended Complaint at 19, ¶ 155, Docket No. 11.

conduct violated her Fourteenth Amendment substantive due process rights.[35]   However,

> all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

Graham v. Connor, 490 U.S. 386, 395 (1989); see also, McCormack v. City and County of

Honolulu, 762 F. Supp. 2d 1246, 1250 (D. Haw. 2011) (dismissing the plaintiff's § 1983

substantive due process claim based on allegations of false imprisonment, malicious threats,

and assault because "Graham makes plain that Officer Lazano's alleged conduct cannot give

rise to a Fourteenth Amendment substantive due process claim").

Plaintiff's substantive due process claim against Coons is based on allegations that he

used excessive force.  Because such a claim must be analyzed under the Fourth Amendment,

plaintiff's § 1983 substantive due process claim against Coons is dismissed.

Kidd also argues that plaintiff's § 1983 substantive due process claim against her must

be dismissed.  "Once the state assumes wardship of a child, the state owes the child, as part

of that person's protected liberty interest, reasonable safety and minimally adequate care..."

Lipscomb v. Simmons, 962 F.2d 1374, 1379 (9th Cir.1992).  Kidd argues that this means that

---

[35]Id. at ¶ 157.

a child in foster care has a substantive due process "right to be free from the infliction of unnecessary pain." Campbell v. Burt, 141 F.3d 927, 930 n.2 (9th Cir. 1998). Kidd argues that plaintiff has only alleged that Kidd disrespected her and deprived her of some personal property, conduct which Kidd argues would not have inflicted unnecessary pain on plaintiff. Kidd acknowledges that plaintiff has alleged that Kidd was acting in concert with Coons or was acting as part of some joint venture with Coons, but Kidd argues that plaintiff has not alleged any facts to support these conclusory allegations.

Plaintiff argues that her substantive due process rights as a child in the foster care system is broader than Kidd contends. Plaintiff contends that her substantive due process rights are embodied in A.R.S. §§ 8-802(d)(1) and 8-529. Section 8-802 provides that "[a]ll child safety workers shall be trained and demonstrate competency in ... [t]he duty to protect the legal rights of children and families from the time of the initial contact through treatment. The training shall include knowledge of a child's rights as a victim of crime." Section 8-529 sets forth a list of rights that a child in foster care has, including the right to "clothing that fits comfortably and is adequate to protect the child against natural elements such as rain, snow, wind, cold and sun" and the right to "have personal possessions at home that are not offensive to the foster family...." Plaintiff thus argues that Kidd violated plaintiff's substantive due process rights when Kidd took plaintiff's personal property and possessions and did not return them.

-22-

Plaintiff is alleging violations of state law.  She has not stated a plausible claim for violation of her federal substantive due process rights.  Plaintiff's § 1983 substantive due process claim against Kidd is dismissed.

Coons and Kidd next argue that they are entitled to qualified immunity as to plaintiff's § 1983 excessive force and false imprisonment claims.   "Qualified immunity shields government officials from personal liability when they have not violated a 'clearly established' constitutional right."  Cuviello v. City and County of San Francisco, 940 F. Supp. 2d 1071, 1087 (N.D. Cal. 2013) (quoting Camreta v. Greene, 131 S. Ct. 2020, 2030–31 (2011)). "In determining whether qualified immunity applies at the motion to dismiss stage, courts consider (1) 'whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right'; and (2) 'whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.'"  Id. (quoting Pearson v. Callahan, 555 U.S. 223, 232, 236 (2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  "The second inquiry contains its own two-part inquiry, asking whether (1) 'the law governing the state official's conduct [was] clearly established'; and (2) '[u]nder that law [whether] a reasonable state official [could] have believed his conduct was lawful.'"  Id. (quoting Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002)).  "'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted.'"  Gerhart v. Lake County, Mont., 637 F.3d 1013, 1024 (9th Cir. 2011) (quoting Saucier, 533 U.S. at 202).  "Qualified immunity is an affirmative

-23-

defense that must be raised by a defendant.  Thus, a Rule 12(b)(6) dismissal is not appropriate unless [the court] can determine, based on the complaint itself, that qualified immunity applies."  <u>Groten v. Calif.</u>, 251 F.3d 844, 851 (9th Cir. 2001) (footnotes omitted).

From the face of plaintiff's second amended complaint, the court cannot say that qualified immunity applies as to either Coons or Kidd.  While, on the facts of this case, Coons and Kidd might ultimately be entitled to qualified immunity, the court cannot make that determination on a Rule 12(b)(6) motion to dismiss.  But because qualified immunity should be determined in the early stages of litigation, the court would encourage Coons and Kidd to move for summary judgment on the qualified immunity issue sooner rather than later unless the parties are inclined to heed the court's suggestion (made at the close of the oral argument hearing) to engage in mediation or settlement talks.

<u>Punitive Damages Request</u>

Plaintiff requests punitive damages for her claims in Count One against Kidd and for her § 1983 claims.  Kidd argues that because she was acting in the course and scope of her employment she is not liable for punitive damages as to the claims in Count One.  A.R.S. § 12-820.04 provides that "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages."  Plaintiff has only alleged that Kidd was acting within the scope of her employment; so, plaintiff's punitive damages request for Count One is dismissed.

As for plaintiff's punitive damages request for her § 1983 claims, "[p]unitive damages may be assessed in § 1983 actions 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" <u>Castro v. County of Los Angeles</u>, 785 F.3d 336, 349 (9th Cir. 2015) (quoting <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983)).  Plaintiff's allegations are sufficient to suggest that Kidd and Coons acted recklessly or callously toward plaintiff's federal rights.

Conclusion

The City of Chandler and Coons' motion to dismiss[36] is granted in part and denied in part.  Plaintiff's false imprisonment claim in Count Four against Coons is dismissed. Plaintiff's negligent training claim against the City in Count Five is dismissed.  And, plaintiff's § 1983 substantive due process claim against Coons in Count Six is dismissed.  The City and Coons' motion is otherwise denied.

The State and Kidd's motion to dismiss[37] is granted in part and denied in part. Plaintiff's gross negligence claim against the State and Kidd in Count One is dismissed. Plaintiff's breach of fiduciary duty against Kidd in Count One is dismissed.  Plaintiff's negligent hiring, retention, and supervision claim against the State in Count Two is dismissed.  Plaintiff's false imprisonment claim against Kidd in Count Four is dismissed. Plaintiff's § 1983 substantive due process claim against Kidd in Count Six is dismissed.  And,

---

[36]Docket No. 26.

[37]Docket No. 27.

plaintiff's request for punitive damages against Kidd for Count One is dismissed.  The State and Kidd's motion is otherwise denied.

Plaintiff is not given leave to amend as to any of the dismissed claims as she has already amended her complaint twice.

DATED at Anchorage, Alaska, this 5th day of August, 2015.

/s/ H.  Russel Holland
United States District Judge